UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22688-CIV-ALTONAGA/Damian

**FLORIDA RIGHTS
RESTORATION COALITION**, *et al.*,

    Plaintiffs,
v.

**RONALD DESANTIS**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On July 19, 2023, Plaintiffs, Florida Rights Restoration Coalition, Rhoshanda Jones, Angel Sanchez, Autumn Waite, and Brandon Walthour, filed a Complaint [ECF No. 1], asserting four claims for relief: one under Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. section 10307(b); two under 42 U.S.C. section 1983; and one for an equitable accounting. (*See id.* ¶¶ 171–201). For the following reasons, the Complaint is dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b), which also covers pleadings, "require[s] that discrete claims . . . be plead[ed] in separate counts," *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added; citations and footnote call number omitted), and "that a plaintiff 'must state' his claims 'in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]'" *Aldridge v. Lovell*, No. 2:17-cv-809, 2018 WL 1528804, at *4 (M.D. Ala. Mar. 7, 2018) (alteration added; quoting Fed. R. Civ. P. 10(b)). A complaint's allegations must be "simple, concise, and direct[.]"

*LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (alteration added; quotation marks omitted; quoting Fed. R. Civ. P. 8(d)(1)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Generally, there are four types of shotgun complaints:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all previous counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (alterations added; footnote call numbers omitted). While these "groupings cannot be too finely drawn," *id.* at 1321, the "unifying characteristic of all shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them[,]" *id.* at 1323 (alterations added; footnote call number omitted).

For that reason, the Eleventh Circuit has repeatedly condemned shotgun pleadings. *See Magluta*, 256 F.3d at 1284 (collecting cases). It has also made clear that district courts possess "inherent authority to *sua sponte* demand repleader of" shotgun complaints. *Thetford v. Hoover City of Graves*, 619 F. App'x 986, 987 (11th Cir. 2015) (citing *Magluta*, 256 F.3d at 1284 & n.3).

Plaintiffs' Complaint is a shotgun pleading. Plaintiffs sue numerous Defendants, including seven state officials — Ronald DeSantis, the Governor of Florida; Cord Byrd, the Florida Secretary of State; Ricky D. Dixon, the Secretary of the Florida Department of Corrections; Melinda N. Coonrod, Richard D. Davison, and David A. Wyant, Commissioners of the Florida

Commission on Offender Review; and Mark Glass, Commissioner of the Florida Department of Law Enforcement — as well as two large groups of county officials — the Supervisors of Elections and Clerks of Court for Florida's 67 counties. (*See* Compl. 1–5).[1] Although the Complaint describes in detail the parties, background, and general factual predicates for the claims (*see id.* ¶¶ 1–170), the Complaint commits the "relatively rare sin of asserting multiple claims against multiple defendants without specifying . . . which of the defendants the claim is brought against[,]" *Weiland*, 792 F.3d at 1323 (alterations added).

Some of the claims appear to be directed against some, but not all, Defendants; but Plaintiffs do not explicitly say as much. For example, the fourth claim for relief, for an equitable accounting, presumably applies to the Clerks of Court alone; indeed, that claim discusses only the conduct of the Clerks of Court. (*See* Compl. ¶¶ 194–201). Likewise, the first claim, under Section 11(b) of the Voting Rights Act, only discusses Defendants DeSantis, Byrd, and Glass. (*See id.* ¶¶ 171–75). The targets of the second and third claims are not so apparent. (*See id.* ¶¶ 176–93). By omitting the important distinctions of which claims are against which Defendants, the Complaint fails "to give [] [Defendants] adequate notice of the claims against them[.]" *Weiland*, 792 F.3d at 1323 (alterations added; footnote call number omitted); *see also Magluta*, 256 F.3d at 1284 ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

These flaws, while readily fixable, if left unrepaired, may lead to a waste of the parties' and judicial resources and cause confusion at a later phase of the case. *See Byrne v. Nezhat*, 261

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

F.3d 1075, 1130–31 (11th Cir. 2001), *abrogated on other grounds as recognized by Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1315 (11th Cir. 2021). Accordingly, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiffs have until **July 28, 2023** to file an amended complaint that corrects the foregoing deficiencies.

**DONE AND ORDERED** in Miami, Florida, this 21st day of July, 2023.

*Cecilia M. Altonaga*
_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record