UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FLORIDA RIGHTS RESTORATION COALITION, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>RONALD DESANTIS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-22688-CMA |

## JOINT RULE 26(f) SCHEDULING REPORT

Plaintiffs Florida Rights Restoration Coalition, Rhoshanda Jones, Angel Sanchez, Autumn Waite, and Brandon Walthour, met with representatives of Defendants including: Defendant Supervisors of Elections[1], Defendant Clerks of Court and Comptrollers[2], and Defendants Ronald DeSantis, in his official capacity as the Governor of Florida; Cord Byrd, in his official capacity as the Florida Secretary of State; Ricky D. Dixon, in his official capacity as Secretary of the Florida Department of Corrections; Melinda N. Coonrod, in her official capacity as Commissioner of the Florida Commission on Offender Review; Richard D. Davison,

---

[1] The Defendant Supervisors of Elections are those defendants listed in Exhibit A of the Amended Complaint [Dkt. No. 9-1].

[2] The Defendant Clerks of Court are those defendants listed in Exhibit B of the Amended Complaint [Dkt. No. 9-2], except for The Clerk of Court and Comptroller of Brevard, Charlotte, Collier, Gilchirst, Leon, Madison, and Orange County because, to date those parties have not informed us who their counsel is.

in his official capacity as Commissioner of the Florida Commission on Offender Review; David A. Wyant, in his official capacity as Commissioner of the Florida Commission on Offender Review; and Mark Glass, in his official capacity as the Commissioner of the Florida Department of Law Enforcement (collectively with Plaintiffs, the "Parties"), submit the following Joint Scheduling Report pursuant to Southern District of Florida Local Rule 16.1(b)(2) and Federal Rule of Civil Procedure 26(f)(3). In accordance with Local Rule 16.1(b)(1), the Parties conferred by Zoom on September 5, 8, and 11, 2023. The Parties agree that pursuant to Local Rule 16.1(a) this case should be assigned to the **Standard Track**, and report as follows:

I.   **Conference Report – Information Required by Local Rule 16.1(b)(A)-(L)**

   **(A)   Likelihood of Settlement**

   The Parties are unable to determine at this stage the likelihood of settlement.

   **(B)   Likelihood of Additional Parties**

   The Parties do not intend to add additional parties to this Action at this time.

   **(C)   Proposed Limits on the time (i) to join other parties and to amend the pleadings, (ii) to file and hear motions, and (iii) to complete discovery**

   The Parties do not propose any limits on the time to file and hear motions beyond those included in the Federal Rules of Civil Procedure and Local Rules of the Southern District of Florida.

**(D)     Proposals for the Formulation and Simplification of Issues**

The Parties agree to work together to simplify the issues and eliminate claims or defenses that, through discovery, appear to be without evidentiary basis. The Parties recognize the Court entered the Order requiring Defendants to submit a single, combined response or separate answers by October 30, 2023. Defendants may be approaching the Court for a small number of similarly situated groups of Defendants to file separately if they deem it necessary.

**(E)     The Necessity or Desirability of Amendments to the Pleadings**

The Parties do not anticipate amendments to the pleadings, other than in response to Court rulings or the substitution of named Defendant with a successor in office.

**(F)     Possibility of Obtaining Admissions of Fact, Stipulations and Advance Rulings on Evidence**

The Parties will, through appropriate stipulations of facts, witnesses, and authenticity, avoid unnecessary disputes and use of cumulative evidence. The Parties will work cooperatively to narrow and identify any areas of dispute on evidentiary matters anticipated at trial and to present such disputes, to the extent possible, in pretrial motions *in limine*.

**(G)     Avoidance of Unnecessary Proof and Cumulative Evidence**

The Parties will work together in good faith and cooperate to avoid unnecessary proof and cumulative evidence. The Parties will further work together in good faith to identify and narrow any evidentiary disputes anticipated at trial and to present such disputes, to the extent possible, in pretrial motions *in limine*.

**(H)  Advisability of Referring Matters to Magistrate Judge**

The Parties do not consent to the use of the Magistrate Judge for any purpose.

**(I)  Preliminary Estimate of Time Required for Trial**

The Parties estimate that trial in this matter will require 8 trial days.

**(J)  Final Pretrial Conference**

The Parties believe that a pretrial conference one to two weeks before trial would be helpful to narrow the issues for trial.

**(K)  Any discovery issues**

    **i.  Disclosure, discovery, or preservation of ESI:** The Parties will preserve all relevant discoverable information in their respective possession, custody, or control until the conclusion of this case or otherwise ordered by this Court. Discovery is in its infancy, and the Parties are currently investigating the extent of ESI relevant to any Party's claims or defenses. The Parties will cooperate to agree upon the form(s) and extent of ESI production.

    **ii.  Claims of privilege or of protection as trial-preparation materials:** The Parties agree to prepare a joint proposed protective order that addresses claims of privilege or of protection as trial preparation materials.

    **iii.  Agreements on the use of the ESI checklist:** The Parties have

agreed to use the ESI checklist available on the Court's website.

**(L)     Any Other Information that Might Be Helpful to the Court in Setting the Case Status or Pretrial Conference**

The Parties agree to work together on managing e-discovery and intend to submit for the Court's consideration, a proposed Stipulated Protective Order, which the Parties hope will facilitate the exchange of confidential information in discovery. The Parties will submit an agreed motion requesting entry of such an order, but to the extent the Parties do not agree on particular issues or provisions in the protective order, they will note their disagreements and proposed alternatives.

**II.   Joint Proposed Scheduling Order – Additional Information Required by Local Rule 16(b)(3)**

**(A)   Assignment of the Case to a Particular Track**: The Parties agree that this case merits a standard case management track, as defined by Local Rule 16.1(a)(2)(B).

**(B)   Detailed Discovery Schedule**: The Parties propose two separate timelines for the completion of Discovery. The timelines are:

| *Event* | *Plaintiffs' Proposed Deadline* | *Defendants' Proposed Deadline* |
|---|---|---|
| **Rule 26(a)(1) Initial Disclosures** | 14 days after issuance of the Court's Scheduling Order | 14 days after issuance of the Court's Scheduling Order |

5

| | | |
|---|---|---|
| **Deadline to join additional parties or amend pleadings** | 21 days after decision on any Rule 12 motions | 21 days after decision on any Rule 12 motions |
| **Rule 26(a)(2) Expert Disclosures** Plaintiffs' expert witness summaries or reports | February 23, 2024 | March 8, 2024 |
| Defendants' expert witness summaries or report and rebuttal reports | March 8, 2024 | May 7, 2024 |
| Plaintiffs' rebuttal expert reports | March 18, 2024 | June 6, 2024 |
| **Deadline to complete discovery (including expert discovery)** | March 25, 2024 | June 20, 2024 |
| **Deadline for the filing of motions for summary judgment** | April 5, 2024 | July 19, 2024 |
| **Deadline for the filing of pretrial motions (including motions *in limine* and *Daubert* motions)** | April 19, 2024 | August 5, 2024 |
| **Rule 26(a)(3)(A)(i) & (iii) Disclosures (witness and exhibit lists)** | April 26, 2024 | August 26, 2024 |
| **Rule 26(a)(3)(A)(ii) Disclosures (designations):** | May 1, 2024 | August 26, 2024 |
| **Pretrial stipulations to be filed by** | May 1, 2024 | August 26, 2024 |
| **Trial Briefs** | May 3, 2024 | August 30, 2024 |
| **Final Pretrial Conference** | May 10, 2024 | September 2, 2024 |
| **Trial commencing** | May 13, 2024 | September 9, 2024 |
| **Post-trial findings of fact and conclusions of law** | Two weeks from last trial day | Two weeks from last trial day |

**(C)    Any Agreements or Issues Regarding Discovery**: There are currently no agreements or issues to be decided by the Court. The Parties will cooperate in

6

good faith to develop protocols to facilitate electronic discovery and govern privilege issues without involvement of the Court. The Parties anticipate that a protective order addressing the disclosure of confidential documents will be necessary.

**III.   Federal Rule of Civil Procedure 26(f)(3) Discovery Plan**

**(A)   What changes should be made in timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**. Parties will serve their Initial Disclosure within 14 days after this Court issues its Scheduling Order. The Parties agree that no other changes should be made in the timing, form, or requirements for disclosures under Rule 26(a).

**(B)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**. The Parties believe that discovery will be needed on all issues raised by the pleadings, and that all discovery will be completed by any deadline set by the Court.

**(C)   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**. The Parties will work in good faith to resolve issues concerning discovery and the production of electronically stored information. The

Parties will use their best efforts to resolve discovery disputes without the need for unnecessary motion practice before the Court, but respectfully reserve their rights to seek assistance from the Court if needed.

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the Parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502**. The Parties agree to use the procedures set forth in Federal Rule of Civil Procedure 26(b)(5) regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial. The Parties will cooperate in good faith to develop a protocol governing any additional privilege issues. The Parties will work together to prepare proposed stipulated confidentiality orders as appropriate.

**(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rules, and what other limitations should be imposed**. In light of the nature of the claims asserted, the Plaintiffs anticipate that they may need to take as many as 25 depositions, however, at this time the Parties cannot agree on the appropriate number of depositions and Plaintiffs therefore agree to 10 depositions for purposes of this scheduling request, without prejudice to the Plaintiffs' ability to seek leave from the Court under FRCP 30 to conduct additional depositions. The Defendants propose a 10-deposition limit.

**(F)   Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).** The Parties intend to submit for the Court's consideration a proposed Stipulated Protective Order, which the Parties hope will facilitate the exchange of confidential information in discovery.

Dated: September 13, 2023                                              Respectfully submitted,

| | |
|---|---|
| */s/ Edward Soto*<br>Edward Soto (Fla. Bar No. 265144)<br>Samuel Mendez (Fla. Bar No. 1022231)<br>Helena Masiello (Fla. Bar No. 1039514)<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Avenue<br>Suite 1200<br>Miami, Florida 33131<br>Telephone: 305-577-3100<br>Edward.soto@weil.com<br>Samuel.mendez@weil.com<br>Helena.masiello@weil.com<br><br>*Attorneys for Plaintiffs* | */s/ Carey Dunne*<br>Carey Dunne (admitted *pro hac vice*)<br>Kevin Trowel (admitted *pro hac vice*)<br>Martha Reiser (admitted *pro hac vice*)<br>FREE & FAIR LITIGATION GROUP<br>266 W 37th Street<br>20th Floor<br>New York, NY 10018<br>Telephone: 646-434-8604<br>carey@freeandfairlitigation.org<br>kevin@freeandfairlitigation.org<br>martha@freeandfairlitigation.org<br><br>*Attorneys for Plaintiffs* |
| */s/ John A. Freedman*<br>John A. Freedman<br>Jeremy Karpatkin (admitted *pro hac vice*)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Ave NW<br>Washington, DC 20001-3743<br>Telephone: 202-942-5000<br>John.freedman@arnoldporter.com<br>Jeremy.karpatkin@arnoldporter.com<br><br>*Attorneys for Plaintiffs* | |

| | |
|---|---|
| */s/ Nicholas J.P. Meros*<br>Ryan D. Newman (FBN 1031451)<br>General Counsel<br>Nicholas J.P. Meros (FBN 120270)<br>Deputy General Counsel<br>Samuel F. Elliott (FBN 1039898)<br>Assistant General Counsel<br>Executive Office of the Governor<br>The Capitol, PL-5<br>400 S. Monroe Street<br>Tallahassee, Florida 32399<br>Telephone: 850-717-9310<br>Ryan.Newman@eog.myflorida.com<br>Nicholas.Meros@eog.myflorida.com<br>Samuel.Elliott@eog.myflorida.com<br><br>*Attorneys for Governor Ron DeSantis* | */s/ Ashley E. Davis*<br>Ashley E. Davis (FBN 48032)<br>Chief Deputy General Counsel<br>Joseph S. Van De Bogart (FBN 84764)<br>FLORIDA DEPARTMENT OF STATE<br>R.A. Gray Building, Suite 100<br>500 South Bronough Street<br>Tallahassee, Florida 32399-0250<br>Telephone: 850-245-6536<br>ashley.davis@dos.myflorida.com<br>joseph.vandebogart@dos.myflorida.com<br><br>*Attorneys for Cord Boyd, Florida Secretary of State* |
| */s/ Daniel A. Johnson*<br>Daniel A. Johnson (FBN 91175)<br>Deputy General Counsel<br>Charles Thomas Martin (FBN 118328)<br>Assistant General Counsel<br>Florida Department of Corrections<br>501 South Calhoun Street<br>Tallahassee, Florida 32399-2500<br>Telephone (Johnson): 850-717-3605<br>Telephone (Martin): 850-717-3609<br>Dan.Johnson@fdc.myflorida.com<br>Charles.Martin@fdc.myflorida.com<br><br>*Attorneys for Ricky D. Dixon, Secretary of the Florida Department of Corrections* | */s/ John T. LaVia, III*<br>John T. LaVia, III (FBN 0853666)<br>GARDNER, BIST, BOWDEN, DEE, LAVIA, WRIGHT, PERRY & HARPER, P.A.<br>1300 Thomaswood Drive<br>Tallahassee, Florida 32308<br>Telephone: 850-385-0070<br>jlavia@gbwlegal.com<br><br>*Attorney for Supervisors of Elections for Clay, Martin, Osceola, Palm Beach, Polk, and St. Lucie Counties* |
| */s/ Susan S. Erdelyi*<br>Susan S. Erdelyi (FBN 0648965)<br>MARKS GRAY, P.A.<br>1200 Riverplace Blvd., Suite 800<br>Jacksonville, Florida 32207<br>Telephone: 904-398-0900<br>serdelyi@marksgray.com<br><br>*Attorneys for Supervisors of Election of Baker, Bay, Bradford, Calhoun, Columbia, Dixie, Franklin, Gadsden, Gulf, Hamilton, Jackson, Lafayette, Liberty, Nassau, Putnam, Santa Rosa, St. Johns, Sumter, Suwannee,* | */s/ William B. Graham*<br>William B. Graham (FBN 359068)<br>David Brannon (FBN 820636)<br>Jeffrey Andrew Foster (FBN 87570)<br>CARR ALLISON<br>305 South Gadsden Street<br>Tallahassee, Florida 32301<br>Telephone: 850-222 2107<br>bgraham@carrallison.com<br>jfoster@carrallison.com<br><br>*Attorneys for Supervisor of Elections and Clerk of Court and Comptroller of Escambia County* |

10

| | |
|---|---|
| *Taylor, Union, Wakulla, Walton and Washington Counties* | |
| */s/ Stephen M. Todd*<br>Stephen M. Todd (FBN 0886203)<br>Sr. Assistant County Attorney<br>Office of the Hillsborough County Attorney<br>Post Office Box 1110<br>Tampa, Florida 33601-1110<br>Telephone: 813-272-5670<br>ToddS@hillsboroughcounty.org<br><br>*Attorney for Supervisor of Elections of Hillsborough County* | */s/ Mark Herron*<br>Mark Herron (FBN 0199737)<br>MESSER CAPARELLO, P.A.<br>P.O. Box 15579<br>Tallahassee, Florida 32317<br>Telephone: 850-222-0720<br>mherron@lawfla.com<br><br>*Attorney for Supervisor of Elections of Leon County* |
| */s/ Nicholas A. Shannin*<br>Nicholas A. Shannin, B.C.S. (FBN 009570)<br>SHANNIN LAW FIRM<br>214 S. Lucerne Cir. E<br>Orlando, Florida 32801<br>Telephone: 407-985-2222<br>nshannin@shanninlaw.com<br><br>*Attorney for Orange County Supervisor of Elections* | */s/ Michael B. Valdes*<br>Michael B. Valdes (FBN 93129)<br>Sophia Guzzo (FBN 1039644)<br>MIAMI-DADE COUNTY ATTORNEY<br>Miami-Dade County Attorney's Office<br>111 N.W. 1st Street, Suite 2810<br>Miami, FL 33128<br>Telephone: 305-375-5151<br>mbv@miamidade.gov<br>Sophia.Guzzo@Miamidade.gov<br><br>*Attorney for Supervisor of Elections of Miami-Dade County* |
| */s/ Amanda J. Ross*<br>Amanda J. Ross (FBN 0598666)<br>Geraldo F. Olivo, III (FBN 0060905)<br>HENDERSON, FRANKLIN, STARNES & HOLT, P.A.<br>P.O. Box 280<br>Fort Myers, Florida 339020-0280<br>Telephone: 239-344-1168<br><br>*Attorneys for Supervisors of Elections and Clerks of Court and Comptrollers of Glades, Hardee, Hendry, Holmes, Levy, and Okeechobee Counties* | */s/ Robert C. Swain*<br>Robert C. Swain (FBN 366961)<br>Office of the Alachua County Attorney<br>Deputy County Attorney<br>12 SE 1st Street<br>Gainesville, FL 32601<br>Telephone: 352-374-5218<br>bswain@alachuacounty.us<br><br>*Attorney for Supervisor of Elections and Clerk of Court of Court and Comptroller of Alachua County* |

| | |
|---|---|
| */s/ Tiffiny Douglas Pinkstaff*<br>Tiffiny Douglas Pinkstaff (FBN 682101)<br>Assistant General Counsel<br>Florida Bar No.<br>Office of General Counsel<br>117 West Duval Street, Suite 480<br>Jacksonville, Florida 32202<br>Telephone 904-255-5072<br>Email tpinkstaff@coj.net<br><br>*Attorney for Supervisor of Elections of Duval County* | */s/ Sarah Jonas*<br>Sarah Jonas (FBN 115989)<br>Assistant County Attorney<br>123 W. Indiana Avenue<br>DeLand, Florida 32720<br>Telephone 386-736-5950<br>sjonas@volusia.org<br><br>*Counsel for Supervisor of Elections of Volusia County* |
| */s/ Stephen M. Todd*<br>Stephen M. Todd, Esquire (FBN 0886203)<br>Sr. Assistant County Attorney<br>Office of the County Attorney<br>Post Office Box 1110<br>Tampa, Florida 33601-1110<br>Telephone: 813-272-5670<br>ToddS@hillsboroughcounty.org<br><br>*Attorney for Supervisor of Elections of Hillsborough County* | */s/ Jared D. Kahn*<br>Jared D. Kahn (FBN 05276)<br>Senior Assistant County Attorney<br>Pinellas County Attorney's Office<br>315 Court Street, Sixth Floor<br>Clearwater, FL 33756<br>Telephone: 727-464-3354<br>jkahn@pinellas.gov<br><br>*Attorney for Supervisor of Elections of Pinellas County* |
| */s/ John K. Londot*<br>John K. Londot (FBN 579521)<br>GREENBERG TRAURIG, PA<br>101 E College Ave.<br>Tallahassee, FL 32301<br>Phone 850-222-6891<br>londotj@gtlaw.com<br>hoffmannm@gtlaw.com<br><br>*Attorney for Clerks of Court of Baker, Bay, Bradford, Calhoun, Citrus, Clay, Columbia, Dixie, Flagler, Franklin, Gadsden, Gulf, Hamilton, Hillsborough, Jackson, Lafayette, Lake, Liberty, Indian River, Jefferson, Lee, Manatee, Marion, Martin, Monroe, Nassau, Okaloosa, Okeechobee, Palm Beach, Pasco, Pinellas, Polk, Putnam, St. Lucie, St. Johns, Santa Rosa, Sarasota, Seminole, Sumter, Suwannee, Taylor, Union, Volusia, Wakulla, Walton and Washington Counties* | */s/ Frank Mari*<br>Frank M. Mari (FBN 93243)<br>ROPER, P.A.<br>2707 E. Jefferson St.<br>Orlando, FL 32803<br>Telephone: 407-897-5150<br>fmari@roperpa.com<br><br>*Attorney for Supervisors of Elections of Brevard, Highlands, Jefferson, Flagler, Gilchrist, Madison and DeSoto Counties* |

| | |
|---|---|
| */s/ Andy Bardos*<br>Andy Bardos (FBN 822671)<br>GRAYROBINSON, P.A.<br>301 South Bronough Street, Suite 600<br>Tallahassee, Florida 32301-1724<br>Telephone: 850-577-9090<br>andy.bardos@gray-robinson.com<br><br>*Attorneys for Supervisors of Elections of Charlotte, Collier, Indian River, Lake, Lee, Manatee, Marion, Monroe, Pasco, and Seminole Counties* | */s/ Jon A. Jouben*<br>Jon A. Jouben (FBN 149561)<br>County Attorney<br>20 N. Main Street, Suite 462<br>Brooksville, FL 34601<br>Telephone: 352-754-4122<br>Jjouben@co.hernando.fl.us<br><br>*Attorney for Supervisor of Elections and Clerk of Court and Comptroller of Hernando County* |
| */s/ Gregory T. Stewart*<br>Gregory T. Stewart (FBN 203718)<br>Matthew R. Shaud (FBN 122252)<br>NABORS, GIBLIN & NICKERSON, P.A.<br>1500 Mahan Drive, Suite 200<br>Tallahassee, Florida 32308<br>Telephone: 850-224-4070<br>gstewart@ngnlaw.com<br>mshaud@ngnlaw.com<br>legal-admin@ngnlaw.com<br><br>*Attorneys for Supervisor of Elections of Okaloosa County* | */s/ Dale A. Scott*<br>Dale A. Scott (FBN 568821)<br>ROPER, P.A.<br>2707 E. Jefferson St.<br>Orlando, FL 32803<br>Telephone: 407-897-5150<br>dscott@roperpa.com<br><br>*Attorney for Supervisor of Elections of Citrus County* |
| */s/ Brian D. Goodrich*<br>Brian D. Goodrich (FBN 106948)<br>BENTLEY LAW, P.A.<br>783 South Orange Avenue<br>Third Floor<br>Sarasota, FL 34236<br>Telephone: 941-556-9030<br>bgoodrich@thebentleylawfirm.com<br><br>*Attorney for Supervisor of Elections of Sarasota County* | */s/ Albert T. Gimbel*<br>Albert T. Gimbel (FBN 0279730)<br>MESSER CAPARELLO, P.A.<br>2618 Centennial Place<br>Tallahassee, Florida 32308<br>Telephone: 850-222-0720<br>tgimbel@lawfla.com<br><br>*Attorney for Broward County Clerk of Court* |

| | |
|---|---|
| */s/ Nathaniel A. Klitsberg*<br>Nathaniel A. Klitsberg (FBN 307520)<br>Joseph K. Jarone (FBN 117768)<br>Devona A. Reynolds (FBN 704409)<br>Andrew J. Meyers<br>Broward County Attorney<br>115 South Andrews Avenue, Suite 423<br>Fort Lauderdale, Florida 33301<br>Telephone: 954-357-7600<br>nklitsberg@broward.org<br>jkjarone@broward.org<br>dreynoldsperez@broward.org<br><br>*Attorneys for Supervisor of Elections of Broward County* | |