UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22688-CIV-ALTONAGA/Damian

FLORIDA RIGHTS
RESTORATION COALITION, et al.,

       Plaintiffs,

v.

RONALD DESANTIS, et al.,

       Defendants,

_____/

## DEFENDANT CRYSTAL K. KINZEL'S, CLERK OF THE CIRCUIT COURT AND COMPTROLLER FOR COLLIER COUNTY, MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION

Defendant, Crystal K. Kinzel, Clerk of the Circuit Court and Comptroller for Collier County, Florida ("Clerk Kinzel") in her official capacity, pursuant to Federal Rule of Civil Procedure 12(b) (6) moves to dismiss the Amended Complaint's Second, Third and Fourth Claims For Relief for failure to state a claim upon which relief may be granted. The Amended Complaint makes clear that the First Claim For Relief does not apply to the Clerks of Court.

I.    Introduction/Allegations/Basis of Motion –

The Amended Complaint has been filed on behalf of the Florida Rights Restoration Coalition ("FRRC"), and four of its individual members.  The FRRC describes itself to be a grassroots, non-profit, non-partisan organization run by people with prior felony

1

convictions who are dedicated to ending the disenfranchisement and discrimination against people with convictions.

FRRC claims to have 15,000 members in 63 of Florida's 67 counties including many members whose voting rights were restored by Amendment 4, and who faced challenges to registering to vote after the passage of Amendment 4 and Senate Bill 7066.

The four individuals named as Plaintiffs are members of FRRC who claim to have had difficulty determining whether they have had their rights to vote restored as a result of Amendment 4 and payment of all Legal Financial Obligations ("LFO") arising from their felony sentences.

Amendment 4 to the Florida Constitution, passed on November 6, 2018, which is now incorporated in Article 6, Section 4 of the Florida Constitution, provides in pertinent part "Any disqualification from voting arising from a felony conviction shall terminate and voting rights shall be restored upon completion of all terms of sentence including parole and probation".

S.B. 7066 was codified in pertinent part as Sect. 98.0751, Florida Statutes, which provides that "Completion of all terms of sentence" includes: release from imprisonment; termination of probation or community control; termination of parole; full payment of restitution: full payment of fines and fees ordered by the court."

Plaintiffs' Amended Complaint names as Defendants: Florida's Governor, Secretary of State, Secretary of the Florida Department of Corrections, the three Commissioners of the Florida Commission of Offender Review, and the Commissioner of Florida's Department of Law Enforcement.

In addition, Plaintiffs name as Defendants all of Florida's 67 Counties' Clerks of the Circuit Court and Comptrollers, and all 67 of Florida's County Supervisors of Elections.

Plaintiffs' Amended Complaint alleges that it is difficult for convicted felons and its members to determine whether the felon has completed the financial terms of their sentence. The Amended Complaint in paragraphs 102-113 allege supposed "Failures of the County Clerks". Allegedly, County Clerks lack access to information as Florida has no centralized database that reflects how much is owed, and counties differ in how they compute LFOs. (¶103). Defendant Byrd (Secretary of State) "has failed to enforce the State Departments" statewide guidance on the computation of LFOs. (¶103)

Plaintiffs' First Claim For Relief alleges intimidation by the Governor, Secretary of State and the Commissioner of the Department of Law Enforcement. The First Claim does not seek relief against the Clerks of Court. Plaintiffs' Second Claim For Relief assert that the felons' difficulty in determining whether all LFOs have been completed constitutes a violation of the felons' rights to equal protection under the Fourteenth Amendment to the United States Constitution.

Plaintiffs' Third Claim For Relief complains that the process for restoring voting rights, and the difficulty determining whether all LFOs have been paid, violates the Due Process Clause of the Fourteenth Amendment.

Plaintiffs' Fourth Claim asserts the payment of financial sums not necessary to complete a felon's sentence, and seeks an equitable accounting and disgorgement of all sums paid.

3

These Claims should be dismissed with prejudice against Crystal K. Kinzel, Clerk of the Circuit Court and Comptroller for Collier County pursuant to Rule 12 (b) (6) as the Plaintiffs have failed to state a Claim against Clerk Kinzel upon which relief may be granted.

## II.   Legal Standard

A motion to dismiss based on Rule 12 (b) (6) challenges the legal sufficiency of the claims alleged in the complaint. Parks School of Business v. Symington, 51 F. 3d 1480, 1484 (9th Cir. 1995). The "*Twombly*" facial plausibility pleading requirement applies to all civil suits in the federal courts, and it is clear mere conclusory statements do not suffice and will not survive a motion to dismiss. Fowler v. UPMC Shadyside, 578 F. 3d 203, 210 (3rd Cir. 2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

In ruling on a motion to dismiss, the tenent that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Ashcroft v. Iqbal, 566 U.S. 662, 129 S. Ct. 1937, 678, 173 L. Ed. 2d 868 (2009). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh v. Butler County, Alabama, 268 F. 3d 1014, 1036 n. 16 (11th Cir. 2001). Pleadings based on conclusions are not entitled to the assumption of truth. Iqbal, 566 U.S. at 679, 129 S. Ct. at 1950. The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do". Twombly, 550 U.S. at 555, 127 S. Ct. at 1965; see also Jackson v. Bell South, 372 F. 3d 1250, 1262 (11th Cir. 2007) (explaining that "conclusory

4

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

Rule 12 (b) (6) also authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Dismissal under Rule 12 (b) (6) "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial activity". Young v. City of St. Charles, 244 F. 3d 623, 627 (8th Cir. 2001).

## III.   Argument

### A.   No Factual Allegation Naming Clerk Kinzel

Plaintiffs' Amended Complaint does not state one allegation of improper action or error by Clerk Kinzel. Of the 67 Clerks of Court named as Defendants, Plaintiffs' plead specific factual allegations of errors against merely 9 of the Clerks of Court. (¶110, 111)

Plaintiffs' Amended Complaint offers only generalized complaints of inconsistencies between the Clerks of Court without alleging any error made by any specific one of the remaining 58 of Clerks of Court. (¶102-113)

The "Twombly" facial plausibility requirement, makes clear that mere conclusory statements such as those made against Clerk Kinzel and the 58 Clerks of Court in general, will not survive a motion to dismiss. Twombly, 550 U.S. at 555. As Plaintiffs' complaint against Clerk Kinzel is based on general conclusions without allegations of facts, these conclusions are not entitled to the assumption of truth. Iqbal, at 679.

The Plaintiffs have not met their obligation to provide the grounds of entitlement to relief against Clerk Kinzel and the Clerks of Court in general.  Twombly, 550 U.S. at 555,127 S. Ct. at 1964-1965.

B.  Clerks of Court Have No Power, Authority or Discretion Over Restoration of Rights

In addition to its complete absence of factual allegations against Clerk Kinzel, Plaintiffs' Amended Complaint is based upon a misapprehension of the role of a Clerk of the Circuit Court in Florida.  The office of the Clerk of the Circuit Court derives its powers and authority from two articles of the Florida Constitution.  Article VIII, Sect. 1 (d) of the Florida Constitution pertains to the Clerks' non-judicial duties, and Article V, Sect. 16 pertains to the Clerks' judicial duties.

> Article V, Section 16, establishes the office of clerk of the circuit court within the judicial framework.  See Alachua County v. Powers, 351 So. 2d 32 (Fla. 1977).  In the performance of his duties as the court's record keeper, the clerk is a ministerial officer of the court devoid of discretion.  Corbin v. State ex rel. Slaughter, 324 So. 2d 203 (Fla. 1st DCA 1975).  The court has the inherent and exclusive constitutional authority over its agencies who act in its behalf.  See The Florida Bar, 398 So. 2d 446 (Fla. 1981).  The clerk, when acting in the exercise of his duties derived from article V is acting as an arm of the court and, as such, is immune from the supervisory authority of the legislature.

Times Pub. Co. v. Ake, 645 So. 3d 1003, 1005 (Fla. 2d DCA 1994)

Accordingly, each Clerk of the Circuit Court acts as a ministerial officer of the courts, devoid of discretion.  Clerks of Court lack the inherent authority or discretion to determine LFOs, or grant restoration of voting rights.

Florida's legislature has created a procedure for restoration of voting rights, and this procedure does not grant Clerks of Court any authority or discretion in that process of restoration.  The Department of State and the Supervisors of Election have sole, exclusive authority over restoration of felon voting rights.

Florida enacted and revised several statutes in its Election Code to implement Amendment 4. This statutory scheme gives to Clerks of Court, no authority, power or discretion to make any decision regarding restoration of voting rights. Further, the safeguards built into the statutory voting rights restoration process, make it impossible for any harm to result to a felon due to any act or inaction by a Clerk of Court. Section 97.075, of the Florida Election Code was amended to provide that:

…

(5) Felony conviction. -

(a) The department [of state] shall identify those registered voters who have been convicted of a felony and whose voting rights have not been restored by comparing information received from, but not limited to, a clerk of the circuit court, the Board of Executive Clemency, the Department of Corrections, the Department of Law Enforcement, or a United States Attorney's Office, as provided in s. 98.093. The department shall review such information and make an initial determination as to whether the information is credible and reliable. If the department determines that the information is credible and reliable, the department must notify the supervisor [of elections] and provide a copy of the supporting documentation indicating the potential ineligibility of the voter to be registered. Upon receipt of the notice that the department has made a determination of initial credibility and reliability, the supervisor shall adhere to the procedures set forth in subsection (7) before the removal of a registered voter's name from the statewide voter registration system.

(7) Procedures for removal. –

(a) If the supervisor receives notice or information pursuant to subsections (4)-(6), the supervisor of the county in which the voter is registered must:

1. Notify the registered voter of his or her potential ineligibility by mail within 7 days after receipt of notice or information. The notice must include:

a. A statement of the basis for the registered voter's potential ineligibility and copy of any documentation upon which the potential ineligibility is based. Such documentation must include any conviction from another jurisdiction determined to be a similar offense to murder or a felony sexual offense, as those terms are defined in Sect. 98.0451.

7

b. A statement that failure to respond within 30 days after receipt of the notice may result in a determination of ineligibility and in removal of the registered voter's name from the statewide voter registration system.

c. A return from that requires the registered voter to admit or deny the accuracy of the information underlying the potential ineligibility for purposes of a final determination by the supervisor.

d. A statement that, if the voter denying the accuracy of the information underlying the potential ineligibility, the voter has a right to request a hearing for the purpose of determining eligibility.

e. Instructions for the registered voter to contact the supervisor of elections of the county in which the voter is registered if assistance is needed in resolving the matter.

f. Instructions for seeking restoration of civil rights pursuant to s. 8, Art. IV of the State Constitution and information explaining voting rights restoration pursuant to s. 4, Art. VI of the State Constitution following a felony conviction, if applicable.

…

2f. A statement that, if the voter denies the occurring of the information underlying the potential ineligibility, the voter has a right to request a hearing for determining eligibility.

Section 98.075, Fla. Stat.

The Florida Legislature also enacted, Sect. 90.0751 to govern the restoration of voting rights pursuant to Amendment 4.

(3)(a) The department shall obtain and review information pursuant to Sect. 98.075 (5) related to a person who registers to vote and make an initial determination on whether such information is credible and reliable regarding whether the person is eligible pursuant to s. 4, Art. VI of the State Constitution and this section.  Upon making an initial determination of the credibility and reliability of such information, the department shall forward such information to the supervisor of elections pursuant to Sect. 98.075.

(b) A local supervisor of elections shall verify and make a final determination pursuant to Sect. 98.075 regarding whether the person who registers to vote is eligible pursuant to s. 4, Art. VI of the State Constitution and this section.

Sect. 98.0751, Fla. Stat.

It is clear that the statutory process for determining restoration of voting rights does not grant the Clerks of Court any authority, discretion, or decision making role in that process. It is the Department of State that gathers information from multiple state agencies and office's, determines the "credibility and reliability" of that information, and makes the initial determination of eligibility to vote. Sect. 98.075 (5) (a), Fla. Stat., Sect 98.0751 (3) (a), Fla. Stat.

The Clerk is only one of a minimum of five reporters of information to the Department of State. It is solely the responsibility of the Department of State to determine the relevant information to be requested by the Department of State, its accuracy, and to apply the Department's guidelines to that information. Sect. 98.075 (5) (a), Fla. Stat. Any statewide guidelines referenced by Plaintiffs (¶ 103), are to be applied by the Department of State, not the Clerk of Courts.

The initial determination of the Department of State is forwarded to the respective County Election Supervisor that makes the final decision of eligibility. That decision is made only after giving notice of the information received to, and allowing for objection by, the felon, and offering the felon a hearing. Sect. 98.075 (7), Fla. Stat., Sect. 98.0751 (3), Fla. Stat. Finally, Sect.98.0755, Florida Statutes allows appeal by the felon of the final determination of eligibility by Supervisor of Elections to be taken to the Circuit Court.

Clerk Kinzel and the Clerks of Court have merely minor ministerial roles in this statutory scheme. Due to the Clerks' limited roles, no harm can result to any Plaintiff or felon as a result of any failure by a Clerk of the Circuit Court

Plaintiffs' Amended complaint against Clerk Kinzel must be dismissed due to its failure to state a claim upon which relief may be granted. Neitzke, at 326.

C. Florida's Voting Rights Restoration Process Does Not Violate
   the Fourteenth Amendment

1. A Clerk Of Court Has Jurisdiction in a Single County

Plaintiffs complain of disparate treatment in the counties of Florida as individual Clerks of Court may utilize differing rules for informing a felon of the amount of LFO. Plaintiffs argue that this differing treatment across Florida by the Clerks of Court, constitute a violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiffs' argument fails to state a claim for deprivation of Equal Protection against Clerk Kinzel on any other Clerk of Court, for several reasons. First as shown in the preceding section, it is the Department of State, and the Supervisors of Election to who determine whether all LFOs have been satisfied. A second fatal flaw in Plaintiffs' Equal Protection claim, is that each Clerk of Court is an independent Constitutional Officer serving a single county.

The Plaintiffs attempt to state a claim for disparate treatment and deprivation of equal protection, by incorrectly treating all 67 independent County Clerks of Court, as one block. Plaintiffs complain that all Clerks of Court must act uniformly as a block, in determining amounts owed by felons.

Clerk Kinzel serves as Clerk of Court only in Collier County. To the full extent of her jurisdiction, Collier County, all felons requesting information from Clerk Kinzel's office regarding fines, fees and amounts owed, are treated equally. Plaintiff does not allege that Clerk Kinzel's determination of amounts owed are not equally applied to all felons seeking information of sums owed from the Collier County Clerk of Court's office.

As the Clerks of Court are 67 independent Constitutional Officers, each serving a single county, Plaintiffs claim of deprivation of equal protection by the Clerks of Court as a statewide block, fails.

10

In addition, as discussed above, a Clerk of Court does not have the authority or discretion to determine the LFOs which need be paid to restore eligibility. The Department of State has the authority to apply the Department's guidelines, and discretion to determine whether a non-payment of LFO is "credible and reliable". Sect. 98.075 (5), Fla. Stat.

2. Plaintiffs' Difficultly in Determining the Need to Pay a LFO, Does Not Give Rise to a Constitutional Violation.

The United States Eleventh Circuit Court of Appeals has determined that Florida's Voting Rights Restoration Process does not violate the Fourteenth Amendment to the United States Constitution. Jones v. Governor of Florida, 975 F. 3d 1016 (11th Cir. 2020).

In Jones several felons sued to challenge Florida's requirement that they pay their fines, fees, costs and restitution before regaining the right to vote. Jones, at 1025. They complained that this requirement violates the Equal Protection Clause of the Fourteenth Amendment, that the laws are void for vagueness, and that Florida denied them procedural due process by adopting requirements that make it difficult for them to determine whether they are eligible to vote. Jones, at 1025.

The district court entered a permanent injunction that allowed any felon who cannot pay or who has not paid court fees and costs, to register and vote. Jones, at 1025 Because the felon failed to prove a violation of the Constitution, the Eleventh Circuit Court of Appeals reversed the judgment of the district court and vacated the injunction. Jones, at 1025.

The essence of Plaintiffs' Amended Complaint against Clerk Kinzel and all Clerks of Court is identical to the essence of the complaint in Jones:

> The felons' real complaint is that it is sometimes difficult to determine whether a felon has completed the financial terms of his sentence. They offer examples of felons who cannot locate their criminal judgments, cannot determine which financial obligations were

> imposed for felony as opposed to misdemeanor offenses, or do not know how much they have paid toward their financial obligations. But these concerns arise not from a vague law but from factual circumstances that sometimes make it difficult to determine whether an incriminating fact exist.

Jones, at 1047, citing United States v. Williams, 553 U.S. 285, 306, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008). This alleged difficulty by a felon, in determining satisfaction of all LFOs, does not constitute a violation of the felon's rights under the Equal Protection Clause or Due Process Clause of the U.S. Constitution. Jones, at 1049.

In language I believe to be applicable to both of Plaintiffs' Fourteenth Amendment Claims in this matter, the court of appeals states:

> A fundamental confusion in this litigation has been the notion that the Due Process Clause somehow makes Florida responsible not only for giving felons notice of the standards that determine their eligibility to vote but also for locating and providing felons with the *facts* necessary to determine whether they have completed their financial terms of sentence. The Due Process Clause imposes no such obligation. States are constitutionally entitled to set legitimate voter qualifications through laws of general application and requires voters to comply with those laws through their own efforts. So long as a State provides adequate procedures to challenge individual determinations of ineligibility – as Florida does – due process requires nothing more. (emphasis in original)

Jones, at 1049

The 11th Circuit Court of Appeals in Jones provides that:

> Florida provides registered voters with adequate process before an individual determination of ineligibility. Before being removed from the voter registration system, voters are entitled to predeprivation notice and a hearing. Fla Stat 98.075 (5), (7). And any voter who is dissatisfied with the result is entitled to *de novo* review of the removal decision in state court. *Id* § 98.0755. These procedures provide more than adequate process to guard against erroneous ineligibility determinations.

Jones, at 1049.

This precedent makes clear that no valid claim for violation of the Fourteenth Amendment has been alleged in the Amended Complaint.

D. Receipt of Payments by Clerks On Actual Obligations Is Not Unjust Enrichment

Plaintiffs have not stated a valid claim for accounting and disgorgement. Plaintiffs do not allege that the funds paid by or on behalf of a felon were not for actual obligations due from and owing by the felon. Rather, Plaintiffs allege that they would not have paid certain obligations although they were owed, if they were aware that payment of any specific obligation was not necessary to restore voting rights. As the Amended complaint does not allege that the obligations paid were not actually due and owing, there cannot be unjust enrichment by the Clerks Of Court, or State of Florida under the Amended Complaint.

The remedy of disgorgement is one utilized by equity courts to deprive wrongdoers of their net profits from unlawful activity. Liu v. S.E.C., 140 S. Ct. 1969, 1943, 207 L. Ed. 2d 401 (2020). None of the elements of disgorgement are plead: the Clerks of Court are not wrongdoers for collecting amounts owed the State; the Clerks of Court did not realize a net profit; nor did the Clerks of Court engage in unlawful activity. Liu, at 1943.

Plaintiffs' Fourth Claim For Relief must be dismissed due to a complete absence of basis in the law. Neitzke, 420 U.S. at 326.

E. Relief Sought is Beyond the Power of a Clerk of Court

Not only do the Plaintiffs fail to establish a substantive basis for any relief against Clerk Kinzel, the specific relief requested in Plaintiffs' Prayer is beyond the power and authority of Clerk Kinzel or any Clerk of Court. 1) As each Clerk's jurisdiction consists of a single county, a Clerk of Court cannot establish a state-wide database the Plaintiffs seek. 2) The findings of eligibility under Sect. 98.075 (5), and informing the felon of these finding under Sect. 98.075 (7) which Plaintiffs seek, are the sole responsibility of the Secretary of State and the Supervisor of Elections for the felon's county of registration. 3) Plaintiffs seek an affirmative declaration of the Secretary of State, which of course may only be made by the Secretary. 4) The procedures set forth in Sect. 98.075 (5), 98.075 (7) and 98.0751, Fla. Stat. apply to the Secretary of State and Supervisor of Elections. 5) A Clerk of Court cannot disgorge funds paid by felons, that were actual obligations owed by the felons and due to the State of Florida.

13

## IV <u>Conclusion</u>

Plaintiffs' Amended Complaint against Defendant Crystal K. Kinzel Clerk of the Circuit Court and Comptroller for Collier County Florida should be dismissed with prejudice pursuant to Rule 12 (b) (6).

1. The Amended Complaint fails to allege an improper action or an error being made by Clerk Kinzel.
2. Under Florida's Constitution and Election Code a Clerk of Court has no authority or discretion to determine restoration of voting rights.
3. The Due Process Clause does not require Florida to locate and provide felons with the facts necessary to determine whether they have completed their financial terms of sentence.
4. All fines, costs and other sums collected by the Clerk of Court were due and owing to the State of Florida.


Dated:  September 21, 2023   Respectfully Submitted,


**Thomas W. Franchino, Esq.**
**Florida Bar No.: 0699276**
**Legal Counsel for Crystal Kinzel,**
**Clerk of the Circuit Court**
**and Comptroller for Collier County**
**3315 Tamiami Trail East, Ste. 102**
**Naples, FL  34112-5324**
**Telephone:  239 252-2725**
**Facsimile:   239-252-2755**
**Tom.franchino@collierclerk.com**

14