IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-22688-CIV-ALTONAGA/Damian

FLORIDA RIGHTS
RESTORATION COALITION, et al.,

    Plaintiffs,

v.

RON DESANTIS, in his official capacity
as Governor of Florida et al.,

    Defendants.
_____/

## STATE AGENCY DEFENDANTS' MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

This Court already *sua sponte* dismissed Plaintiffs' Initial Complaint for being a shotgun pleading. ECF No. 8. Plaintiffs, however, have failed to fix the defects identified by this Court, and the Amended Complaint remains a shotgun pleading. It also suffers from fatal jurisdictional defects, including Plaintiffs' lack of Article III standing and State Agency Defendants' protection from suit under the principles of sovereign immunity.

Given the significant jurisdictional defects that remain, as argued in the concurrently filed Defendants' Motion to Dismiss, and pursuant to Local Rule 7.1, Defendants Governor Ron DeSantis; Florida Secretary of State Cord Byrd; Secretary of the Florida Department of Corrections Ricky D. Dixon; Commissioner of the Florida Department of Law Enforcement Mark Glass; and Commissioners of the Florida Commission on Offender Review Melinda N. Coonrod, Richard D. Davison, and David A. Wyant (collectively, the "State Agency

Defendants") move to stay all discovery obligations until after this Court's resolution of the motion to dismiss.

## I. Background

On October 30, 2023, concurrently with this Motion to Stay Discovery (the "Motion to Stay"), State Agency Defendants moved to dismiss Plaintiffs' Complaint and filed Defendants' Motion to Dismiss, ECF No. 324, (the "Motion to Dismiss"). The Motion to Dismiss highlights, among other things, jurisdictional deficiencies in Plaintiffs' pleading such as the lack of standing and State Agency Defendants' sovereign immunity from suit. *See id.*

Before the pleadings closed, however, Plaintiffs served discovery requests on State Agency Defendants; these requests were served in September 2023 and would have been due before this Court's deadline for State Agency Defendants to file a responsive pleading. Plaintiffs agreed to an extension of time until November 6, 2023, to respond to the discovery requests with the understanding that State Agency Defendants would seek judicial relief and present this Court with their arguments in favor of a stay of discovery while this Court considers Defendants' Motion to Dismiss.

A stay of discovery is warranted here. Expensive and time-consuming discovery obligations on parties, in a case that has not been pled appropriately, does nothing but waste resources.

## II. Memorandum of Law

As State Agency Defendants detail in the concurrently filed Defendants' Motion to Dismiss, Plaintiffs cannot overcome serious jurisdictional defects, including, but not limited to, Plaintiffs' lack of standing and State Agency Defendants' protection from suit under sovereign

immunity. The Amended Complaint also remains an impermissible shotgun pleading and fails to state claims under federal and state law.

A review of the Amended Complaint makes plain its many jurisdictional defects. As explained in the Motion to Dismiss, FRRC lacks organizational standing because it has not alleged facts showing a diversion of resources, and it lacks associational standing because none of FRRC's identified members in the Amended Complaint have standing in their own rights and FRRC's complaints of societal harm are insufficient to grant standing. ECF No. 324 § I.A. The individual Plaintiffs, too, lack standing because their allegations describe objectively unreasonable fears of hypothetical future harm. *Id.* § I.B. As but one example, one of the individual Plaintiffs alleges a hypothetical future "fear" of voting despite "never been convicted of a felony offense and therefore never lost his voting rights under Florida law." ECF No. 9 ¶ 39.

State Agency Defendants also have sovereign immunity from Plaintiffs' claims, as the Amended Complaint alleges violations of a state-law notice requirement and seeks to have this federal Court enforce state law against State Agency Defendants. *See* ECF No. 324 § II.A. But even if this Court were to reject State Agency Defendants' arguments that Plaintiffs impermissibly seek to circumvent the *Pennhurst* doctrine, this Court should dismiss Governor DeSantis, Secretary Dixon, Commissioner Glass, and the members of the Commission of Offender Review (Coonrod, Davison, and Wyant), because they are improper *Ex parte Young* Defendants. *Id.* § II.C. None of these Defendants have any role in the enforcement of the statutes Plaintiffs identify in the Amended Complaint—at best, only Secretary Byrd (the Department of State), the supervisors, and the clerks arguably have a role. *See id.* Thus, at a minimum, a stay of discovery is warranted for the State Agency Defendants who should never

have been sued and who have sovereign immunity from suit because they have no role in providing the relief Plaintiffs seek. *See id.*

Along with these fatal jurisdictional defects, as described in Defendants' Motion to Dismiss, Plaintiffs' actual claims are incomprehensible, remain a shotgun pleading, and fail to state federal and state law claims against State Agency Defendants. ECF No. 324 §§ III and IV.

State Agency Defendants thus respectfully request that this Court stay all discovery obligations pending resolution of these jurisdictional issues. State Agency Defendants understand that Plaintiffs wish to obtain discovery from Florida agencies, but State Agency Defendants should not be subject to discovery obligations where a high likelihood exists that this Court lacks jurisdiction over Plaintiffs' claims, State Agency Defendants have sovereign immunity from suit, and Plaintiffs' allegations are insufficient to keep State Agency Defendants as parties in the litigation.

Indeed, this Court has broad authority to stay discovery proceedings and control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also* Fed. R. Civ. P. 16(b)(2) (permitting the Court to alter the issuance of a scheduling order in the litigation for good cause); Fed. R. Civ. P. 26(d)(3) (permitting the Court to alter the sequence of discovery "for the parties' . . . convenience and in the interests of justice . . . ."). This discretion is properly exercised where the movant shows "good cause and reasonableness." *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*, No. 09-21622-CIV-MORENO, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (internal quotation marks and citation omitted). Courts have found "good cause to stay discovery . . . wherein 'resolution of a preliminary motion may dispose of the entire action.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

The good-cause standard is met. The standing, sovereign immunity, and other defects with Plaintiffs' pleading are real, substantial, and fatal. They warrant a stay. *See, e.g.*, *Hetherington v. Lee*, No. 3:21-cv-671-MCR-EMT, 2021 WL 7084092, at *1 (N.D. Fla. June 24, 2021) (staying the action pending resolution of "arguably meritorious challenges based on standing and Eleventh Amendment immunity"); *Kinlocke v. Benton*, No. 1:16-cv-4165-TCB, 2017 WL 5639936, at *1 (N.D. Ga. Feb. 14, 2017) ("A stay of discovery may be particularly appropriate where a claim of immunity has been raised, as one of the purposes of immunity is to 'protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.'") (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)); *Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (Fla. S.D. 2015) (staying discovery pending resolution of the Court's subject matter jurisdiction to "avoid unnecessary expenditures of time and resources" and because of the "public interest in judicial economy and efficiency"); *Seaway Two Corp. v. Deutsche Lufthansa Aktiengesellschaft*, No. 06-20993-CIV-ALTONAGA/Turnoff, 2006 WL 8433652, at *1 (S.D. Fla. Nov. 17, 2006) (staying discovery because motions to dismiss showed that if they were granted, "the need for discovery could be eliminated completely or the scope of discovery could be narrowed significantly"); *Khan v. Rundle*, No. 05-23123-CIV-ALTONAGA/Turnoff, 2006 WL 8433502, at * (S.D. Fla. July 17, 2006) (holding that a stay of discovery was appropriate where Defendants raised case-dispositive claims in their motion to dismiss).

The immunity argument, in particular, make the need for a stay apparent. "[I]mmunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe v. City of Enters.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (reversing a district court order that ordered the parties to participate in a Rule 26(f) conference and develop a discovery report while

deferring ruling on the defendants' claims of qualified and state law sovereign immunity). Thus, "[s]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (internal quotation marks and citation omitted). In fact, discovery is properly stayed even where a denial of immunity is pending appeal. *See id.*

To reiterate, State Agency Defendants' concurrently filed Motion to Dismiss involves straightforward issues of law, based on the allegations within the four corners of the Amended Complaint and does not require any factual development or involve factual disputes. The Motion to Dismiss raises threshold legal issues that are case-dispositive and would end the litigation for State Agency Defendants or significantly narrow the scope of discovery in this litigation. Accordingly, these threshold legal issues should be resolved prior to requiring entities who will no longer be subject to suit to be subject to discovery obligations. *See Tradex Global Master Fund*, 2009 WL 10664410, at *1.

Moreover, a stay of discovery while the Court resolves the issues of this Court's jurisdiction should not be protracted, as the current schedule requires the filing of Plaintiffs' response to the Motion to Dismiss in November 2023, and the discovery period remains open for another six months after that (until May 13, 2024). The discovery period also could be easily extended, if necessary, as trial in this matter is not scheduled until September 2024. Although a preliminary peek at the Motion to Dismiss shows a plethora of reasons to dismiss the Amended Complaint, should this Court ultimately find it has subject-matter jurisdiction to proceed against at least one State Agency Defendant, that Defendant can resume the discovery process with Plaintiffs, with plenty of time thereafter to prepare the case for trial.

Finally, challenges to subject-matter jurisdiction and the raising of immunity from suit "outweigh any harm to Plaintiff that a delay in discovery or case management would cause." *Hetherington*, 2021 WL 7084092, at *1.  Plaintiffs also cannot show prejudice from this short delay, as they spent months trying to perfect service in this case prior to issuing any discovery requests.  Moreover, plenty of time remains before the September 2024 trial for a full-throated discovery process, should this Court determine the existence of jurisdiction.  Plaintiffs have also taken no action in this case in the last four months since filing their initial complaint that would demonstrate any urgency to these proceedings, particularly considering that a brief stay of discovery would not disrupt the current litigation schedule.

### III.  Conclusion

For the above reasons, State Agency Defendants request that this Court grant this Motion and stay all discovery obligations pending resolution of the Court's jurisdiction and other dismissal grounds, as argued in Defendants' Motion to Dismiss.

### Local Rule 7.1(a)(3) Certification

Prior to filing this motion, and pursuant to Local Rule 7.1(a)(3), counsel for the State Agency Defendants conferred with Plaintiffs' counsel on October 23, 2023, in an attempt to resolve State Agency Defendants' concerns raised in this Motion to Stay.  Despite the parties' good faith efforts, the parties were unable to resolve the issues herein without judicial intervention.  Plaintiffs, however, did agree to grant State Agency Defendants an extension of time to respond to discovery until November 6, 2023, with the understanding that State Agency Defendants would seek judicial relief concurrently with Defendants' Motion to Dismiss.

Dated October 30, 2023                                                  Respectfully Submitted,

/s/ *Mohammad O. Jazil*                    /s/ *Benjamin J. Gibson*
Mohammad O. Jazil (FBN 72556)              George N. Meros, Jr. (FBN 263321)
Michael R. Beato (FBN 1017715)             Tara R. Price (FBN 98073)
HOLTZMAN VOGEL BARAN TORCHINSKY &          Benjamin J. Gibson (FBN 58661)
JOSEFIAK PLLC                              Kassandra S. Reardon (FBN 1033220)
119 South Monroe Street, Suite 500         SHUTTS & BOWEN LLP
Tallahassee, Florida 32301                 215 South Monroe Street, Suite 804
Telephone: 850-270-5938                    Tallahassee, Florida 32301
mjazil@holtzmanvogel.com                   Telephone: 850-241-1717
mbeato@holtzmanvogel.com                   gmeros@shutts.com
                                           tprice@shutts.com
*Attorneys for Defendants, Governor Ron*   bgibson@shutts.com
*DeSantis; Florida Secretary of State Cord* kreardon@shutts.com
*Byrd; Secretary of Corrections Ricky D.*
*Dixon; Commissioner of the Florida*       *Attorneys for Defendants, Florida Secretary*
*Department of Law Enforcement Mark Glass;* *of State Cord Byrd; Secretary of Corrections*
*and Commissioners of the Florida*         *Ricky D. Dixon; Commissioner of the Florida*
*Commission on Offender Review Melinda N.* *Department of Law Enforcement Mark Glass;*
*Coonrod, Richard D. Davison, and David A.* *and Commissioners of the Florida*
*Wyant*                                    *Commission on Offender Review Melinda N.*
                                           *Coonrod, Richard D. Davison, and David A.*
                                           *Wyant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which automatically serves all counsel of record.

/s/ *Benjamin J. Gibson*
Attorney